### DAVID KIZER (defendant below) vs. MICHAEL DOWNEY (plaintiff below.)

On a certiorari the Justice is not bound to send up matters of *evidence.*
If a freeholder be arrested on a *capias* he must object to it before going into a trial, or it will not vitiate the judgment.

CERTIORARI to Justice Leonard.

Record. Downey vs. Kizer. "Action of debt on account. Debt, $47 55. 1835, March 5th, *capias* issued. Same day deft: brought forward: plff. present; after a hearing, judgment for plff. for the above sum of $47 55. Michael Downey on his solemn oath says that he has good grounds to apprehend and does verily believe that if the stay of execution for six months be allowed, the sum due by the judgment will be lost. (signed) Michael Downey." Whereupon an execution issued.

*Hamilton,* for deft. below alledged diminution and assigned for cause "that the magistrate had not returned with the proceedings in the above cause the special cause of action (or a copy of the same) as commanded by the writ of certiorari issued in the above cause."

*The Court* overruled this allegation of diminution. The cause of action as stated by the record was an *account;* and the Justice is not bound to send up the *evidence* by which it was sustained.

He then excepted to the original process because it appeared by the record that the deft. was a freeholder of the county. The act of assembly requires that a process against a freeholder shall be a summons and not a capias. (sec. 2.)

*The Court* overruled this exception and affirmed the judgment. The deft. submitted to go into a trial without objecting to the process on which he was arrested; and the irregularity in the form of the process does not affect the jurisdiction. Freehold is a privilege that the party ought to avail himself of at a proper time: it would become the means of great injustice if it could be waived at one time and afterwards set up to avoid the judgment.

Judgment affirmed.

*J. A. Bayard,* for plaintiff.
*Hamilton,* for defendant.